IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELLSWORTH MURPHY,

    Plaintiff,

vs.

Case No. 06-1308-JTM

BOARD OF COUNTY COMMISSIONERS OF SMITH COUNTY, KANSAS; SHARON WOLTERS, COUNTY CLERK; ALLEN SHELTON, COUNTY ATTORNEY; JOE KINGSBURY, COMMISSIONER; ROGER ALLEN, COMMISSIONER; and ARTHUR KULHMAN, COMMISSIONER,

    Defendants.

**MEMORANDUM AND ORDER**

    Defendants filed a motion to dismiss and/or for summary judgment (Dkt. No. 8). In response, plaintiff, Ellsworth Murphy, filed a motion with this court to stay (Dkt. No. 16) pending a ruling by the District Court of Shawnee County, Kansas concerning plaintiff's petition for judicial review. For the following reasons, the court denies plaintiff's motion to stay and grants defendants' motion to dismiss.

**I.  Factual Background:**

*A.  Plaintiff's Motion to Stay*:

    Plaintiff served as Smith County, Kansas Sheriff from 1988 until his resignation in 1991. In June 2005, Andy Holmes resigned as Smith County Sheriff. Following Holmes' resignation,

the Smith County Republican Committee nominated plaintiff to fill the position. Plaintiff was sworn in as Sheriff on August 8, 2005.

Thereafter, on August 25, 2005, a petition was filed by the Kansas Commission On Peace Office Standards and Training ("Commission") against plaintiff. The Commission alleged that during plaintiff's first term in office, he violated K.S.A. 74-5605 and K.S.A. 74-5616. The Commission sought to revoke plaintiff's "inactive" law enforcement certificate.

As a newly appointed Sheriff, plaintiff planned to attend the Kansas Law Enforcement Training Center's ("KLETC") three-month training class to reactivate his inactive law enforcement certificate. Plaintiff attended the three-month class which began on November 7, 2005. However, during his time at the training course, plaintiff was expelled from the KLETC due to an alleged inability to physically complete the training. Plaintiff objected and appealed the decision. However, the KLETC rejected plaintiff's appeal.

On April 12, 2006, the Commission held its disciplinary hearing concerning plaintiff's alleged violations of K.S.A. 74-5605 and K.S.A. 74-5616. The Commission revoked plaintiff's inactive law enforcement certificate initially on April 26, 2006, followed by a final order on May 26, 2006.

Plaintiff was recalled from his office as Smith County Sheriff following a recall election held on May 23, 2006.

Plaintiff alleges that on May 1, 2006, although plaintiff was lawfully acting as the Sheriff of Smith County, Kansas, defendants unlawfully and in violation of K.S.A. 60-1205 confiscated plaintiff's salary and benefits in an attempt to force him from office by withholding his pay. Plaintiff filed a petition for judicial review of agency action with the Shawnee County District

Court, *Ellsworth Murphy v. Jackie Williams and the Kansas Commission on Peace Officers' Standards and Training*, Case No. 06C 000927. Pending a resolution of this case, plaintiff filed a motion with this court, seeking to stay the present case.

*B. Defendants' Motion to Dismiss and/or For Summary Judgment*:

Alternatively, defendants filed a motion to dismiss and/or for summary judgment (Dkt. No. 8) with the court on November 17, 2006. Defendants allege that in 1991, plaintiff was charged with a Class A misdemeanor, by allegedly installing an electronic eavesdropping device in the home of Karen Bortz, without permission and without a legal authority to do so without a court order. In August 1992, defendants allege that plaintiff was convicted of the charges by a jury. Thereafter, when the Republican Committee of Smith County elected plaintiff to be appointed to complete an unexpired term in Smith County, the appointment became effective by operation of law. The Kansas Commission on Peace Officers Standards and Training issued a ruling on April 26, 2006, finding that plaintiff displayed a lack of good moral character by committing the crimes of eavesdropping and official misconduct, being deceitful to the investigator in 1991, being deceitful to the county clerk in 2005, and being deceitful to a reporter in 2005.

On May 1, 2006, the county commissioners instructed the clerk to stop paying the sheriff's salary to the plaintiff since he was no longer certified to act as a law enforcement officer in the State of Kansas. Thereafter, on May 26, 2006, plaintiff filed a petition in the District Court of Smith County, Kansas, Case No. 06-CV-12. Defendants filed an Offer to Confess Judgment on September 11, 2006. The plaintiff then filed a Notice of Acceptance of Offer to Confess Judgment in the state action on September 18, 2006. The clerk entered judgment on the offer

and acceptance on October 25, 2006. Defendants argue that the plaintiff's present case is barred by *res judicata*.

## II. Conclusions of Law:

Plaintiff seeks to stay the present case, pending a resolution of *Ellsworth Murphy v. Jackie Williams and the Kansas Commission on Peace Officers' Standards and Training*, Case No. 06C 000927 in the Shawnee County District Court. Defendants argue that this court should rule on its motion to dismiss based on *res judicata* principles.

"*Res judicata* . . . encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (quoting *Park Lake Res. Ltd. Liab. Co. v. United States Dep't of Agric.*, 378 F.3d 1131, 1135 (10th Cir. 2004)). Claim preclusion is in dispute in the present case. "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." Restatement (Second) of Judgments 6 (1982).

Under Kansas law, "the first judgment is conclusive when four conditions occur: (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made." *Upchurch v. State*, 36 Kan. App.2d 488, 493, 141 P.3d 1175, 1179 (2006) (quoting *O'Keefe v. Merrill Lynch & Co.*, 32 Kan. App.2d 474, 480, 84 P.3d 613, *rev. denied* 278 Kan. 846 (2004)). Furthermore, "[u]nder the doctrine of res judicata, a final judgment by a court of competent jurisdiction on the merits of an action is conclusive, not only on all matters which

were actually litigated, but also on all matters which could have been litigated by the parties or their privies in that action." *Id*. (quoting *O'Keefe*, 32 Kan. App.2d at 479, 84 P.3d 613).

The court dismisses the present action based on *res judicata* principles. A court of competent jurisdiction, the District Court of Smith County Kansas, rendered a final judgment on plaintiff's first case in state court, Case. No. 06-CV-12. Defendants' Exhibit F.

Additionally, the four conditions required for *res judicata* are met in this case. First, the parties are identical. In the first state action, plaintiff sued "Smith County Attorney Allen Shelton, Smith County Clerk Sharon Walters (sic), Smith County Commissioners Joe Kingsbury, Roger Allen, and Arthur Kuhlman . . ." Defendants' Exhibit F. In the present case, the defendants are the Board of County Commissioners, Commissioners Joe Kingsbury, Roger Allen, Arthur Kuhlman, County Clerk Sharon Wolters, and County Attorney Shelton." Plaintiff's Complaint.

Additionally, in the previous action, plaintiff alleged the following wrongful acts:

> On or about May 1, 2006, defendants acting in their official capacities did conspire to deprive plaintiff of his lawfully entitled salary and benefits as Smith County Sheriff, and on or about said date, defendants did in fact assert the plaintiff was not qualified for office, was holding office illegally and would therefore no longer be paid as Smith County Sheriff. Defendants did then unlawfully stop all payments of salary and benefits to plaintiff as Smith County Sheriff effective May 1, 2006.
>
> Defendants' actions were wholly without any lawful authority and were done for the illegal purpose of attempting to influence the upcoming recall election against plaintiff by making untrue statements and claims that plaintiff was not qualified for office, was holding office illegally and would therefore no longer be paid as Smith County Sheriff, and for the purpose of causing plaintiff extreme emotional distress. Defendants' actions did in fact adversely

> affect plaintiff's recall election and did in fact cause plaintiff extreme emotional distress.

Defendants' Exhibit F, numbered paragraphs 10-11.  In the present case, plaintiff alleges:

> On or about May 1, 2006, defendants individually and collectively in their official capacities acted in concert and under color of law to deprive plaintiff of his constitutionally protected interest in his property, to wit: his salary and benefits as Sheriff of Smith County, Kansas, from May 1, 2006, to date.
>
> The defendants' unlawful conspiracy and agreement to confiscate plaintiff's salary and benefits including his wages, KPERS benefits and insurance benefits, was without any legal authority.
>
> Defendants' actions in depriving plaintiff of his salary and benefits were for the unlawful purposes of harassing plaintiff, causing plaintiff humiliation and emotional distress, causing plaintiff financial distress and to force plaintiff from office as Smith County Sheriff.

Plaintiff's Complaint.

In the state court action, plaintiff sought damages "in excess of $3,000.00 in salary and benefits, attorney's fees in excess of $1,000.00, costs of this action, and damages in excess of $75,000.00 as a consequence of defendants' illegal conspiracy and subsequent defamatory statements causing extreme emotional distress and resulting in irreparable damage to plaintiff's reputation and contributing in whole or in part to plaintiff's defeat in the recall election." Defendants' Exhibit F, ¶ 17.  In the present case, plaintiff seeks damages "for actual damages in an amount in excess of $75,000.00, for punitive damages, costs of this action including attorney's fees, and such relief deemed just."  Plaintiff's Complaint.  The court finds that the first, third, and fourth conditions of *res judicata* are met in that plaintiff is suing the same parties.  Moreover, plaintiff is suing due to the withholding of the sheriff's salary following the adjudication revoking his law enforcement certification.  Therefore, plaintiff's present case is

barred based on *res judicata* principles because the present case meets first, third, and fourth elements outlined in *Upchurch*.

Furthermore, the present case meets the second element for *res judicata* application. Although plaintiff asserts a different legal theory in the present case, the violation of 42 U.S.C. § 1331 and 42 U.S.C. § 1983, Kansas law outlines that even though a claim may be pursued under a different statute, if the claim pertains to the same transaction, the second action is barred. *Wirt v. Esrey*, 233 Kan. 300, 662 P.2d 1238. In *Wirt*, a tax payer brought a claim in district court protesting his taxes pursuant to a statute that allowed such a case to be brought and then brought a second action before the Board of Tax Appeals pursuant to a different statute. The Kansas Supreme Court noted:

> [A]ppellees seek to elude the application of res judicata by arguing they proceeded under separate remedial statutes. However, the parties fail to recognize that application of the doctrine of res judicata is unconcerned with the procedural avenue employed to acquire jurisdiction in a particular tribunal. On the contrary, the doctrine prevents a second assert of the *same claim or cause of action*. Thus, regardless of which statute the taxpayer used to proceed to BOTA on its tax protest issue, the fact remains that the same facts, same parties, and same issues had previously been litigated before a court of competent jurisdiction.

*Id*. at 307-08, 662 P.2d at 1245 (emphasis in original) (citing *Goetz v. Bd. of Trustees*, 203 Kan. 340, 454 P.2d 481 (1969)). *See also Kenoyer v. Bd. of Barber Examiners*, 176 Kan. 424 271 P.2d 267 (1954) (applying res judicata to foreclose a mandamus action due to a prior civil suit alleging the same act). Plaintiff's present action alleges the same transaction, the withholding of wages and benefits on May 1, 2006. Therefore, plaintiff's present action is barred based on the principles of *res judicata*.

IT IS ACCORDINGLY ORDERED this 6th day of February, 2007, that plaintiff's motion to stay (Dkt. No. 16) is denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Dkt. No. 8) is granted.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE